IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERIE DIVISION

|  |  |
|---|---|
| KAREEM BLOUNT, | ) 1:21-CV-00291-RAL<br>)<br>) |
| Plaintiff | ) RICHARD A. LANZILLO<br>) UNITED STATES MAGISTRATE JUDGE<br>) |
| vs. | )<br>) OPINION ON DEFENDANT'S MOTION TO |
| P.A. LESLIE and KIM SMITH, | ) DISMISS<br>) |
| Defendants | )<br>) ECF NO 29<br>) |

I. Introduction

Plaintiff Kareem Blount, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene), initiated this *pro se* civil rights action by filing a civil complaint and a motion for leave to proceed in forma pauperis (IFP). ECF Nos. 1, 1-1. After the Court granted Blount's IFP motion, he filed an amended complaint – the currently operative pleading – on April 1, 2022. ECF No. 26.

In his pleading, Blount claims that employees at SCI-Forest, his prior place of incarceration, violated his Eighth Amendment rights by failing to treat his asthma symptoms and deploying Oleoresin Capsicum (OC) spray in his vicinity. ECF No. 26 at 7-11. As Defendants, Blount has identified two individuals: CRNP Andrew Leslie, a Nurse Practitioner, and Kim Smith, the Healthcare Claims Administrator for the Pennsylvania Department of Corrections (DOC). *Id.* at 2-3. By way of relief, Blount seeks monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983. *Id.*

1

Presently pending before the Court is Smith's motion to dismiss. *See* ECF No. 29. Blount has filed a response, *see* ECF No. 33, and Smith has filed a reply. ECF No. 35. This matter is ripe for disposition.[1]

II.   Factual Background

The following allegations from Blount's complaint are accepted as true for purposes of this motion. On October 17, 2019, Blount visited Leslie for a sick call after complaining that his asthma treatments had been discontinued. ECF No. 26 at p. 7. Leslie informed him that his medications had been discontinued because he had not picked them up for several months and because his medical records indicated that he no longer needed them. *Id.* Shortly thereafter, Blount experienced an asthma attack when corrections officers sprayed OC spray in a nearby cell. *Id.*

As to Smith, Blount avers that he filed a grievance following his asthma attack, but that Smith denied relief. *Id.* at 8. No other allegations against Smith appear in the amended complaint. *Id.*

III.   Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will be likely to prevail on the merits; rather, the plaintiff must only present factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed.

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

2004)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint should only be dismissed pursuant to Rule 12 (b)(6) if it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570 (rejecting the traditional 12 (b)(6) standard established in *Conley v. Gibson*, 355 U.S. 41 (1957)). In making this determination, the court must accept as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002).

While a complaint does not need detailed factual allegations to survive a motion to dismiss, a complaint must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Moreover, a court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. *See California Pub. Employee Ret. Sys. v. The Chubb Corp.*, 394 F.3d 126, 143 (3d Cir. 2004) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the Court accept legal conclusions disguised as factual allegations. *Twombly*, 550 U.S. at 555 (citing *Papasan*, 478 U.S. at 286). *See also McTernan v. City of York, Pennsylvania*, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Expounding on the *Twombly/Iqbal* line of cases, the Third Circuit has articulated the following three-step approach:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their

3

veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011) (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)). This determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Finally, because Plaintiff is proceeding pro se, the allegations in the complaint must be held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). If the court can reasonably read a pro se litigant's pleadings to state a valid claim upon which relief could be granted, it should do so despite the litigant's failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Boag v. MacDougall*, 454 U.S. 364 (1982); *United States ex rel. Montgomery v. Bierley*, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance").

IV.   Analysis

To prevail in a § 1983 action, a plaintiff "must show that each and every defendant was 'personal[ly] involve[d]' in depriving him of his rights." *Kirk v. Roan*, 2006 WL 2645154, at *3 (M.D. Pa. 2006) (quoting *Evancho v. Fischer*, 423 F.3d 347, 353 (3d Cir. 2006)). This means that each defendant must have played an "affirmative part" in the complained-of misconduct. *Iqbal*, 556 U.S. at 677 ("In a § 1983 suit ... [a]bsent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."); *Oliver v. Beard*, 358 Fed. Appx. 297, 300 (3d Cir. 2009). In the absence of specific allegations that a defendant played a role in depriving the plaintiff of a constitutional right, dismissal is appropriate. *See,*

*e.g.*, *Mearin v. Swartz*, 951 F.Supp.2d 776, 781-82 (W.D. Pa. 2013) (dismissing claims pursuant to Rule 12(b)(6) because the plaintiffs had failed to set forth sufficient facts to establish that certain defendants had played an affirmative part in the alleged Eighth Amendment violation).

Apropos to the instant case, it is "well established that the filing of a grievance is not sufficient to show the actual knowledge necessary for a defendant to be found personally involved in the alleged unlawful conduct." *Mearin*, 951 F.Supp.2d at 782. *See also Mincy v. Chmielsewski*, 508 Fed. Appx. 99, 104 (3d Cir. 2013) ("[A]n officer's review of, or failure to investigate, an inmate's grievances generally does not satisfy the requisite personal involvement."). As such, courts have routinely dismissed civil rights claims against prison officials, including health care administrators, whose only knowledge of the alleged violation stemmed from their participation in the grievance process. *See, e.g.*, *Stevens v. Winger*, 2021 WL 2075585, at *4 (W.D. Pa. May 24, 2021) (dismissing claims against prison health care administrator whose only awareness of the alleged misconduct was based on receipt of a grievance); *Brown v. Nicholson*, 2020 WL 610523, at *6 (E.D. Pa. Feb. 7, 2020) (dismissing claim against prison CHCA who "denied [plaintiff's] grievance [and] stat[ed] that he had received appropriate medical attention for his reported complaint"); *Rogers v. United States*, 696 F.Supp.2d 472, 488 (W.D. Pa. 2010) ("If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official.").

Here, Blount's amended complaint only mentions Smith once: she "was assigned [his] grievance [and] she denied all relief." ECF No. 26 at 8. Such allegations are plainly insufficient to establish personal involvement. *See, e.g.*, *Trainor v. Wellpath*, 2021 WL 3913970, at *9-11 (W.D. Pa. Sept. 1, 2021) (dismissing CHCA Smith at motion to dismiss stage when her only

5

alleged involvement in the underlying misconduct stemmed from the grievance process); *Stevens*, 2021 WL 2075585, at *4 (same); *Carson v. Wetzel*, 2019 WL 7283283, at *8 (W.D. Pa. Dec. 27, 2019) (same). Accordingly, Smith's motion to dismiss must be granted.

V. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction is equally applicable to *pro se* litigants and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

In this case, it is apparent that Blount's only interaction with Smith occurred as part of the grievance process. As such, amendment would be futile.

VI. Conclusion

For the foregoing reasons, Smith's motion to dismiss [ECF No. 29] is granted. The Clerk is directed to terminate Smith from this action. An appropriate order will follow.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated: August 5, 2022